UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE:    MARC J. PEARLMAN : | Chapter 7 |
| : | BK No.  04-12257 |
| Debtor : | |
| _____ : | |
| SAUNDERS REAL ESTATE CORPORATION, : | |
| as agent for BOSTON DEVELOPMENT : | |
| COMPANY LIMITED PARTNERSHIP 39/45 : | |
| NEWBURY : | Adv. Pro. No. |
| Plaintiff : | |
| : | |
| VS. : | |
| : | |
| MARK J. PEARLMAN a/k/a MARC J. : | |
| PEARLMAN : | |
| _____ : | |

### SAUNDERS REAL ESTATE CORPORATION'S COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C §727

Plaintiff, Saunders Real Estate Corporation ("Saunders"), objects to the discharge of Defendant, Marc J. Pearlman ("Pearlman"), and in support thereof states as follows:

1.  Saunders, which holds a judgment lien against Pearlman's residence and business property, is a secured creditor of the Debtor. Other than the creditor holding the mortgage on his residence, Saunders is Pearlman's largest creditor.

2.  Pearlman filed a Chapter 7 bankruptcy petition on July 14, 2004.

3.  This adversary proceeding arises out of and relates to Pearlman's Chapter 7 case. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(J) and 1334. This is a

core proceeding under 28 U.S.C. § 157(b)(2)(A).

4. Venue is appropriate in this district pursuant to 11 U.S.C. § 1409, as this is the district in which the bankruptcy proceeding is pending.

5. This is an adversary proceeding objecting to the discharge of the Defendant pursuant to Bankruptcy Rules 4004(d) and 7001(4).

6. In the late 1980's, Pearlman and his wife, Anna Maria Pearlman, formed Newbury Kitchen and Bath, a retail service provider located on Newbury Street in Boston, Massachusetts and formerly located at 63 Warren Avenue in East Providence, Rhode Island.

7. Pearlman claims to have contributed or loaned to Newbury Kitchen and Bath the proceeds of a $211,250.00 loan secured by a mortgage on his residence, but has produced no records to document this contribution or loan.

8. Debtor claims to work full time for Newbury Kitchen and Bath but does not receive a salary from Newbury Kitchen and Bath.

9. Pearlman admits that Newbury Kitchen and Bath pays the mortgage payment on his residence, as well as other personal expenses, and provides him with an automobile.

10. Pearlman asserts in his bankruptcy schedules that all of his real and personal property is exempt.

11. Pearlman states in his bankruptcy schedules that the only income he and his spouse receive is $1,600.00 per month in Social Security payments. Pearlman claims in his statement of financial affairs that he received no income in 2003 and "unknown" income in 2002.

12. Pearlman claims in his bankruptcy schedules that he has $1,750.00 in monthly expenses.

13. Pearlman admitted at the meeting of creditors held pursuant to 11 U.S.C. § 341 (the "creditors' meeting") that some of the expenses listed in Schedule J of his bankruptcy schedules were joint with his wife or were, in fact, payment of his wife's debts.

14. Pearlman testified at the creditors meeting that he does not have documents evidencing his financial transactions with Newbury Kitchen and Bath.

15. Although Saunders requested documents from Pearlman during the course of litigation brought to enforce its judgment, Pearlman has failed to produce competent evidence that would enable Saunders to reasonably ascertain information about his financial condition and material business transactions.

## COUNT I

16. Each of the foregoing allegations is incorporated by reference.

17. Pearlman failed to keep or preserve recorded information, including books, documents, records and papers with respect to his personal financial affairs and business transactions from which his financial condition and material business transactions can be determined.

18. Pearlman's failure to maintain adequate books and records was not justified under the circumstances.

WHEREFORE, Saunders respectfully requests this Honorable Court order and decree that Pearlman be denied a discharge pursuant to 11 U.S.C. §727(a)(3) and grant such other and further relief as justice may require.

SAUNDERS REAL ESTATE CORPORATION,

By its Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

By *Melissa Horne*
Melissa M. Horne, Esq. (#5291)
Lynn K. Gifford, Esq. (#6648)
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728
Dated: 12/17/04

RI Bankr. Form R
See, RI LBR - 7003-1(b)

| B104 **ADVERSARY PROCEEDING COVERSHEET** (Rev.2/92)   (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS  Saunders Real Estate Corporation, as agent for Boston Development Company Limited Partnership 39/40 Newbury | DEFENDANTS  Mark J. Pearlman a/k/a Marc J. Pearlman |
|---|---|
| ATTORNEYS (Firm Name, Address & Telephone) Melissa M. Horne, Esq. Winograd, Shine & Zacks, P.C. 123 Dyer Street, Providence, RI (401) 273-8300 | ATTORNEYS (If Known) Peter Berman, Esq. Raskin & Berman, 116 Manning Street Providence, RI  (401) 421-1363 |

PARTY (Check one box only)  ☐ 1. U.S. Plaintiff   ☐ 2. U.S. Defendant   ☒ U.S. Not a Party

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objecting to Discharge pursuant to 11 U.S.C. Section 727

**NATURE OF SUIT**
(Check the one most appropriate box only)

- ☐ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☒ 424 To object or to revoke a discharge 11 U.S.C. §727
- ☐ 455 To revoke an order of confirmation of a Ch. 11, Ch. 12, or Ch. 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify

| ORIGIN OF PROCEEDINGS (Check one box only) | ☒1 Original Proceeding  ☐2 Removed Proceeding  ☐4 Reinstated Or Reopened  ☐5 Transferred from Another Bankruptcy Court | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P.23 |
|---|---|---|
| DEMAND | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT Denial of Discharge | JURY ☐ DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR  Marc J. Pearlman | BANKRUPTCY CASE NO.  04-12257 |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING  Rhode Island | DIVISIONAL OFFICE | NAME OF JUDGE  Votolato |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only)   ☒ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED |
|---|
| DATE December 17, 2004 | PRINT NAME Melissa M. Horne, Esq. | SIGNATURE OF ATTORNEY OR PLAINTIFF (signed) Melissa Horne |