```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x
In re:                             :

MARC J. PEARLMAN                   :    BK No. 04-12257
         Debtor                             Chapter 7
SAUNDERS REAL ESTATE CORPORATION,  :
as agent for BOSTON DEVELOPMENT
COMPANY LIMITED PARTNERSHIP 39/45  :
NEWBURY
              Plaintiff            :
v.                                      A.P. No. 04-1064
                                   :
MARK J. PEARLMAN a/k/a MARC J.
PEARLMAN                           :
              Defendant
- - - - - - - - - - - - - - - - -x
```

### DECISION AND ORDER GRANTING
### POST TRIAL MOTION TO AMEND COMPLAINT

APPEARANCES:

    Peter G. Berman, Esq.
    Attorney for Debtor/Defendant
    RASKIN & BERMAN
    116 East Manning Street
    Providence, Rhode Island 02906

    Victor Bass, Esq.
    Lynne M. Radiches, Esq.
    Attorneys for Plaintiff
    BURNS & LEVINSON LLP
    One Citizens Plaza, Suite 1100
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 04-12257; A.P. No. 04-1064

Heard on the Plaintiff's (Saunders) Motion for Leave to Amend its Complaint to include additional grounds for objecting to the Debtor's discharge.  The Debtor (Pearlman) objects, arguing that the proposed amendments seek relief under theories that are time barred, and that it would be prejudicial to allow said amendments at this time.  For the reasons discussed below, the Motion for Leave to Amend is GRANTED.

### BACKGROUND

In July 2004, Marc J. Pearlman filed a petition under Chapter 7 of the Bankruptcy Code, his Section 341 Meeting of Creditors was held on August 10, 2004, and the deadline set for filing complaints objecting to discharge was October 12, 2004.  On September 16, 2004, Saunders moved for and was granted an extension of time within which to file a complaint objecting to discharge until 60 days after the Section 341 meeting was concluded.

Thereafter, on December 17, 2004, after a lot of delay, posturing and bickering, a complaint was filed by Saunders' prior counsel, based solely on 11 U.S.C. § 727(a)(3).[1]  Only after

---

[1] This section provides that the debtor shall be granted a discharge unless:
> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

1

BK No. 04-12257; A.P. No. 04-1064

additional pleadings, hearings, the passage of more time, and the eventual entry of appearance by new counsel for Saunders, did the trial of the adversary proceeding start, in April 2006. Extensive evidence was taken, and both sides rested on July 12, 2006. In light of the record existing at the conclusion of the hearing, Saunders moved to amend its complaint to add counts under 11 U.S.C. §§ 727(a)(2) and 727(a)(4).[2] Pearlman opposes the motion, repeating his objections voiced and preserved at trial, that the proposed amendments seek relief under theories that are time barred, and that to allow said amendments at this stage in the litigation would be prejudicial.

## DISCUSSION

Generally, the time limits and deadlines established in the Bankruptcy Code and Rules are strictly enforced in order to (1) ensure the efficient administration of bankruptcy cases, and (2) give debtors a fresh start and a sense of "finality and certainty

---

11 U.S.C. § 727(a)(3).

[2] The original Complaint was filed by Saunders' prior counsel, who, judging from the motion to withdraw, and certain of Saunders' testimony, was having communication and compensation issues with Saunders. This may at least partly explain why such a bare bones complaint was filed, and why more appropriate pleadings were not filed on Saunders' behalf until now. While we recognize the general rule that clients are bound by the acts and omissions of their attorneys of record, in the circumstance here, that principle must give way to the countervailing authority of the Court, in proper cases, to cause the pleadings to be amended, even after trial, to conform to the proof. See Fed. R. Civ. P. 15.

BK No. 04-12257; A.P. No. 04-1064

in relief from financial distress as quickly as possible." *Calendario v. Pagan* (*In re Pagan*), 282 B.R. 735, 738 (Bankr. D. Mass. 2002); *citing Evans v. Pace* (*In re Pace*), 130 B.R. 338, 340 (Bankr. N.D. Fla. 1991). We also recognize that in reviewing motions to amend, leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15; *Blasbalg v. Negro* (*In re Negro*), 176 B.R. 671, 673 (Bankr. D.R.I. 1995).

In this case a relevant exception to the strict enforcement of statutory and rules deadlines exists in the common law doctrine of *relation back*. In addition, Fed. R. Civ. P. 15(c)[3] codifies the principle that amendments may relate back to the date of the original pleading when the claim asserted in the amended pleading arises out of the same conduct, transaction or occurrence set forth in the original pleading. Thus, if the complaint fairly identifies the factual circumstances to which the amended claim refers, the amendment may "relate back," and be excepted from Fed. R. Bankr. P. 4004(a).[4] *Flexi-Van Leasing, Inc. v. Perez* (*In re Perez*), 173 B.R. 284, 290 (Bankr. E.D.N.Y. 1994). Conversely, if the amendment states a new cause of action based upon different facts, there is

---

[3] Fed.R.Civ.P. 15 applies in adversary proceedings under Fed. R. Bankr. P. 7015.

[4] Fed.R.Bankr.P. 4004(a) provides: "In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under 341(a)."

3

no relation back. *Employers Mutual Casualty Co. v. Lazenby* (*In re Lazenby*), 253 B.R. 536, 539 (Bankr. E.D. Ark. 2000) (amendment to original complaint denied where creditors initially objected to debtor's discharge under § 523(a), then sought to include liability under § 727(a), but did not involve the same transaction or occurrence); *see also Batcha v. Forness* (*In re Forness*), 728 (Bankr. M.D. Fla. 2005) (court denied request to amend complaint where various subsections of § 727(a) and § 523(a) were involved, as they concerned separate instances of conduct and factual situations).

The court in *Pagan* applied a two part test to determine whether the doctrine of relation back should apply. 282 B.R. at 740. First, the initial pleading must provide the debtor with fair notice of the nature of the creditor's claim, and the grounds for objection. *Id.* at 740. Second, the new pleading must involve a claim that arises out of the same conduct, transaction, or occurrence as the initial pleading. *Id.* In this case, the conduct, transaction(s), and occurrence(s) involve the Debtor's alleged penchant for nondisclosure and a general pattern of concealment of assets which, if revealed, would be a source of payment to creditors.

Put another way, a significant factor in determining whether *relation back* is applicable, is "whether the claim to be added will

4

BK No. 04-12257; A.P. No. 04-1064

likely be proved by the 'same kind of evidence' offered in support of the original pleading." *Percy v. San Francisco General Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988) *citing Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966); *see also New Bedford Capacitor, Inc. v. Sexton Can Co., Inc.* (*In re New Bedford Capacitor, Inc.*), 301 B.R. 375, 379 (Bankr. D. Mass. 2003) (relation back is to be liberally applied if the original pleading gives the defendant fair notice of the claims that are later sought to be added).

Here, based on the entire record, the Defendant was, or reasonably should, in Saunders' original Complaint, have been fairly put on notice of the claims contained in the proposed amendments, and that the evidence presented at the hearing on the merits relates, as well, to the allegations in the amendments. In its original Complaint, Saunders relied solely upon 11 U.S.C. § 727(a)(3), and at trial, in support of its contention that Pearlman failed to adequately maintain books and records, Saunders was allowed to question Pearlman's assertion that the only source of income for himself and his spouse is from Social Security in the amount of $1,600 per month, that he received no income from his business in 2003, had "unknown" income in 2002, failed to adequately explain a $211,000 loan to Newbury Kitchens and Bath, Inc. ("Newbury"), a company owned and operated by him, that Newbury

5

BK No. 04-12257; A.P. No. 04-1064

pays his home mortgage, his personal and automobile expenses, and that he valued Newbury at "$0". Over Pearlman's objection, Saunders was also allowed to press an inquiry into Pearlman's assertion that although he works full time for Newbury, he receives no remuneration and that there are no records regarding his connections with Newbury.

Cross examination also revealed Pearlman's interest in a limited partnership called Wequonnoc Village, valued by Pearlman as "unknown", and that for the years 2002-2004, the capital account of the partnership exceeded $40,000. Cross examination also disclosed that, through Pearlman, the Wequonnoc partnership paid nearly $100,000 to Newbury, a business that, according to Pearlman, is "worthless". At the trial this Court ruled consistently that all of the Plaintiff's inquiry into the foregoing subject matter was (and still is) obvious fair game, all part of the same ball of wax in the context of this case, and that there were not, or should have been any surprises to Pearlman as a result of the disputed cross examination.

Considering the totality of the circumstances as they appear in the pre-trial, trial, and post-trial record of this proceeding, I find and conclude that the Plaintiff's request to add counts under 11 U.S.C. §§ 727(a)(2) (regarding the transfer, removal, concealment, or destruction of property with the intent to hinder,

6

BK No. 04-12257; A.P. No. 04-1064

delay or defraud creditors), and 727(a)(4) (false oaths relating to a material fact), both arise out of the same pattern of facts and conduct alleged from day one, and that said amendments relate back to the filing of the original Complaint, under Fed. R. Civ. P. 15(c).

Additionally, the amendments should be allowed because under Fed. R. Civ. P. 15(b), the evidence adduced at the trial is germane to the proposed amendments.  The Rule states in relevant part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Fed. R. Civ. P. 15(b).

While Pearlman's counsel did vigilantly object, often strenuously, to the introduction of most of the evidence in question, on the ground that it went beyond the scope of the

7

BK No. 04-12257; A.P. No. 04-1064

original Complaint, an amendment at this stage is necessary and appropriate to allow full consideration and treatment of the merits of this action. And while Pearlman argues that he will be prejudiced by the amendment, he has failed to establish any *legal prejudice* in presenting his defense. Accordingly, for all of the foregoing reasons, the pleadings should be and are amended to conform to the proof.

Finally, in overabundance of caution, and although Pearlman has thus far not established legal prejudice, in order to address the possibility of any alleged harm or surprise to him as a result of these amendments, discovery is reopened for 30 days, or longer for cause shown. After discovery, if either party deems it necessary to present additional evidence, such requests will be considered and viewed liberally, with Pearlman having an opportunity to respond to all relevant evidence admitted over his objection. A supplemental Joint Pre-Trial Order shall be filed at least 10 days prior to any such resumed hearing.

Dated at Providence, Rhode Island, this 18th day of December, 2006.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 12/18/2006